### THE ETHEL.[1]

### KIMBALL v. THE ETHEL.

(*Circuit Court, W. D. Texas.* January, 1887.)

1. ADMIRALTY—PRACTICE—APPEAL—MOTION TO DISMISS.
   It is no ground to dismiss an admiralty appeal because the record shows that there was no evidence, nor agreed statement of facts, nor assignment of errors. Admiralty cases on appeal to the circuit court are tried *de novo*, on the original or amended pleadings, and on such evidence as may be properly offered, whether the same was offered in the district court or not.

2. SAME—TRANSCRIPT.
   An appeal will not be dismissed on account of the transcript not having been properly made up or certified, when the fault thereof is not attributable solely to the appellant.

Admiralty Appeal. On motion to dismiss.

PARDEE, J. This case has been submitted to me by the proctors for the libelant and appellee on a motion to dismiss the appeal and affirm the judgment of the district court, on the grounds that the transcript shows no evidence nor agreed statement of facts nor assignment of errors. That there was no evidence to warrant the judgment of the district court may be the reason underlying the appeal. Admiralty cases, on appeal to the circuit court, are tried *de novo*, on the original or amended pleadings, and on such evidence as may be properly offered, whether the same was offered in the district court or not. The causes assigned are good, but the transcript is not properly made up and certified, and the appeal might be dismissed for that reason; but as the record of the case shows a general confusion in the minds of all parties, and as I cannot say the defective transcript is imputable solely to the appellant, I think it will accord more with justice if an order is entered denying the motion to dismiss the appeal, and to direct the appellant to procure and file in the circuit court by the first day of the next term a proper transcript, duly made up and certified according to the fifty-second admiralty rule, as adopted by the supreme court of the United States; otherwise his appeal to stand dismissed.

The clerk will enter such order, and notify proctors.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.